James R. Jessup, Marquette, Mich., for plaintiff.

Darrell R. Dettmann, Marquette, Mich., for trustee/defendant.

---

In re THREE LAKES COCKTAIL LOUNGE & RESTAURANT, INC., Debtor.

FIRST NATIONAL BANK AND TRUST COMPANY OF HERMANSVILLE, MICHIGAN, Plaintiff,

v.

William G. LASICH, Trustee, Defendant.

Bankruptcy No. HM 89–00123.
Adv. No. 91–9004.

United States Bankruptcy Court, W.D. Michigan.

Sept. 3, 1991.

OPINION ON MOTIONS FOR SUMMARY JUDGMENT

LAURENCE E. HOWARD, Bankruptcy Judge.

This matter comes before the Court on cross motions for summary judgment. A hearing was held on this adversary proceeding in Marquette, Michigan on July 31, 1991. For the reasons set forth herein, the Plaintiff's Motion for Summary Judgment is denied and the Defendant's Motion for Summary Judgment is granted.

FACTS

This case involves conflicting interests claimed by each party in Resort Class C

and SDM liquor licenses. The facts are not in dispute and have been stipulated to by the parties as they are set forth in the Defendant's supporting brief.

Prior to this dispute and to the existence of the Debtor, Clarence Lindstrom and his wife owned and operated a bar known as "Tiny's." Along with owning the business, the Lindstroms also possessed the liquor licenses that are the subject of this proceeding.

During its first years of operation, the bar experienced financial trouble and the Lindstroms called upon Clarence Sartori for help in running the business and to infuse needed capital. As part of their effort to profitably manage the bar, Lindstrom and Sartori formed the corporation, Three Lakes Cocktail Lounge and Restaurant, Inc., that is now the Debtor in this case.

During the incorporation process, the Lindstroms apparently agreed to transfer the liquor licenses to the new corporation along with their interest in the business. The Lindstroms' responsibility under this agreement was later disputed. But, in a default judgment entered, post-petition, on January 26, 1990, I ruled that the Lindstroms were required to transfer their interest in the liquor licenses to the Debtor.

To further help Three Lakes' struggling financial situation, various loans were entered into both by Sartori, individually, and by the corporation. Around the time of incorporation, December 31, 1987, Three Lakes entered into a series of transactions with the Plaintiff. The transactions included signing a security agreement covering all assets of the corporation and entering into a pledge of the liquor licenses that were to become property of the corporation upon the assignment by the Lindstroms. The Plaintiff accomplished the proper U.C.C. filing with the Secretary of State as to all collateral, except the Bank did not file as to the liquor licenses.

With the liquor licenses now owned by the Debtor and part of the Bankruptcy estate, both parties claim a superior interest in them. The Plaintiff claims a security interest in the licenses by virtue of the security agreement entered into by the corporation on December 31, 1987. The Plaintiff, however, never properly perfected its security interest in the licenses, and it is the Trustee's position that the Bank's interest is therefore defeated by the Trustee's status under 11 U.S.C. § 544(a)(1).

## DISCUSSION

Bankruptcy Rule 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure rendering the federal rule applicable to the matter before me. Granting summary judgment is appropriate when no genuine issue of material fact is present. In this case, the parties have stipulated to the facts as set forth in the Defendant's Brief in Support of Summary Judgment. With no dispute existing as to the facts, my decision on the issues raised is ripe for summary judgment.

Through § 544(a), the Trustee is clothed, as of the commencement of the case, with the status of a judicial lien creditor and can preserve, for the benefit of the estate, interests in the Debtor's property that are inferior to his status. § 544(a)(1) empowers the Trustee to avoid any transfer of the Debtor or any obligation incurred by the Debtor that is voidable by a creditor possessing the status of a judicial lien creditor under state law.

State law priority rules govern what interests are avoidable. Under Michigan's adoption of U.C.C. Article 9, "an unperfected security interest is subordinate to the rights of ... a person who becomes a lien creditor before the security interest is perfected." M.S.A. § 19.9301(1)(b) [M.C.L.A. § 440.9301(1)(b)].

Although it is an issue that has generated much case law, Justice Miles has ruled definitively for the Western District of Michigan that a liquor license is a general intangible subject to the perfection provisions of Michigan law. *In re Pike*, 62 B.R. 765, 767 (W.D.Mich.1986). The *Pike* case, in effect, overruled my decision in *In re Beefeaters Inc.*, 27 B.R. 848 (Bankr. W.D.Mich.1983), which relied upon a regulation of the Michigan Liquor Control Com-

**72**

mission forbidding a security interest in liquor licenses. *Pike* mandates that a creditor must perfect, through filing, its interest in a liquor license in order to gain the priority of a secured creditor in bankruptcy.

■ Under Michigan law, perfection of a general intangible is accomplished by the general filing of a financing statement with the Secretary of State. M.S.A. § 19.-9401(1)(c) [M.C.L.A. § 440.9401(1)(c)]. Here, as the stipulated facts set forth, the Plaintiff failed to properly file a financing statement with respect to the liquor license. Because of this, the Plaintiff possesses an unperfected interest in the license as of the commencement of this case. The Plaintiff's interest in the license is subordinate, under M.S.A. § 19.9301(1)(b) [M.C.L.A. § 440.9301(1)(b)], to the Trustee's § 544(a)(1) status as a judicial lien creditor.

The Plaintiff tries to distinguish the *Pike* decision, noting that in that case the Debtor possessed title to the property as of the commencement of the case, while here, the estate gained possession of the license through a default judgment entered after filing. This distinction, however, is not sufficient to warrant a different conclusion. On the date of filing, the Debtor and the estate did possess the contract right to the license. Interest in the license was always part of the Bankruptcy estate. § 544(a)(1), therefore, is directly applicable to the priority dispute in this adversary proceeding.

Although no case law was provided in the Plaintiff's brief, I did find one Ninth Circuit case, *In re Weiman*, 22 B.R. 49 (9th Cir. BAP 1982), which discussed the language of § 544 that grants the trustee the status of a judicial lien creditor as of the commencement of the case. In *Weiman*, the Bankruptcy Appellate Panel commented that § 544's strongarm status is limited to the date of commencement. The Court held that the trustee is not granted a continuing judicial lien. But, that case dealt with the trustee ability to go after property that was exempted from the bankruptcy estate. Here, interest in the license was part of the bankruptcy estate from the date of filing. The Panel's analysis in *Wei-*

*man* does not apply to the facts before me. I find, therefore, that § 544(a)(1) does equip the trustee with the status of a judicial lien creditor in the license.

Finally, the Plaintiff asks me to exercise my power in equity to grant it a superior interest to the Trustee. There are no equitable grounds present in this case that would cause me to reverse a conclusion that is clear at law. The Bank had the opportunity to file a financing statement with respect to the license, but did not. It is a common practice, clearly allowed by Michigan's version of U.C.C. Article 9, to file a financing statement before attachment so as to establish early priority. By failing to do this, the Plaintiff subjected itself to unperfected status and to the consequences it is now facing.

CONCLUSION

No factual dispute exists in this case, and as a matter of law, I now hold that the Trustee, with the status of a judicial lien creditor pursuant to 11 U.S.C. § 544(a)(1), possesses an interest in the liquor license that is superior to the Bank's unperfected interest according to the priority rules set forth in M.S.A. § 19.9301 [M.C.L.A. § 440.-9301]. The Trustee is able to defeat the Bank's asserted interest in the license. For these reasons and as set forth above, the Plaintiff's motion for Summary Judgment is denied and the Defendant's Motion for Summary Judgment is granted.